**EXHIBIT B**

ELECTRONICALLY FILED - 2022 Mar 30 9:54 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700548

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF BEAUFORT | FOURTEENTH JUDICIAL CIRCUIT |
| | CIVIL ACTION NO. 2022-CP-07-_____ |
| BRIAN SHORR and ANDREA SHORR, | |
| Plaintiffs, | SUMMONS (Jury Trial Demanded) |
| vs. | |
| MARRIOTT VACATION CLUB INTERNATIONAL, INC., MARRIOTT VACATIONS WORLDWIDE CORPORATION, MARRIOTT VACATION CLUB d/b/a MARRIOTT'S MONARCH AT SEA PINES, ISLAND FITNESS EQUIPMENT, LLC, JOHN DOE I, and JOHN DOE II, | |
| Defendants. | |

**TO: THE DEFENDANTS ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to Answer the Complaint in the action, a copy of which is herewith served upon you, and to serve a copy of your Answer thereto upon the undersigned at his office at Post Office Box 21069, Hilton Head Island, South Carolina 29925, within thirty (30) days of the service hereof, exclusive of the date of such service; and if you fail to Answer the Complaint within such time, the Plaintiffs in this action will apply to the Court for the relief demanded therein, and judgment by default will be entered against you.

ELECTRONICALLY FILED - 2022 Mar 30 9:54 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700548

                              **SHELTON LAW FIRM, LLC**

                              <u>/s/*Benjamin T. Shelton*</u>
                              Benjamin T. Shelton, Bar No. 77207
                              S. Harrison Williams, Bar No. 102410
                              (P.O. Box 21069)
                              10 Hospital Center Commons
                              Hilton Head Island, SC 29926 (29925)
                              843-802-0087
                              bshelton@sheltonlawsc.com
                              harrison@sheltonlawsc.com

Hilton Head Island, South Carolina
March 30, 2022

ELECTRONICALLY FILED - 2022 Mar 30 9:54 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700548

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF BEAUFORT<br><br>BRIAN SHORR, and, ANDREA SHORR,<br><br>     Plaintiffs,<br><br>vs.<br><br>MARRIOTT VACATION CLUB INTERNATIONAL, MARRIOTT VACATIONS WORLDWIDE, MARRIOTT OWNERSHIP RESORTS, INC., MARRIOTT VACATION CLUB d/b/a MARRIOTT'S MONARCH AT SEA PINES, ISLAND FITNESS EQUIPMENT, LLC, JOHN DOE I, and JOHN DOE II,<br><br>     Defendants. | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT<br>CIVIL ACTION NO. 2022-CP-07-_____<br><br><br><br>COMPLAINT<br>(Jury Trial Demanded) |

The Plaintiffs, complaining of and against the Defendants herein, would respectfully show unto this Honorable Court that:

1. The Plaintiff, Brian Shorr, (hereinafter referred to as "Mr. Shorr" or "Plaintiff") is a resident of Manalapan Township, located in Monmouth County, State of New Jersey, at the time this action arose.

2. The Plaintiff, Andrea Shorr, (hereinafter referred to as "Mrs. Shorr") is a resident of Manalapan Township, located in Monmouth County, State of New Jersey, at the time this action arose (Mr. and Mrs. Shorr collectively referred to hereinafter as "Plaintiffs").

3. At all times herein, Plaintiffs Brian Shorr and Andrea Shorr were and are lawfully married and living together as husband and wife.

4. Defendants Marriott Vacation Club International, Marriott Vacations Worldwide, and Marriott Ownership Resorts, Inc. are foreign corporate entities which own property, maintain property, employ persons, and transact business within South Carolina.

5. Upon information and belief, each and all of the Defendants, Marriott Vacation Club International, Marriott Vacations Worldwide, and Marriott Ownership Resorts, Inc., are connected to and affiliated with each other by way of a parent, sister, subsidiary, affiliate, or other close corporate relationship with respect to their ownership, marketing, management, occupancy, and other activities at the subject incident location of Marriott Vacation Club d/b/a Marriott's Monarch at Sea Pines (hereinafter, collectively, "Marriott") on Hilton Head Island, South Carolina, that these Defendants enjoy an amalgamation of interests with respect to all claims raised herein and should be treated as one and the same party during this action.

6. Defendant Island Fitness Equipment, LLC (hereinafter, "Island Fitness") is a limited liability company that performs services, transacts business, and maintains agents and employees and is organized and existing under the laws of the State of South Carolina, in good standing with the South Carolina Secretary of State, and doing business in South Carolina.

ELECTRONICALLY FILED - 2022 Mar 30 9:54 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700548

ELECTRONICALLY FILED - 2022 Mar 30 9:54 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700548

7. Upon information and belief, the Defendant John Doe I (hereinafter "Doe I") is a resident of South Carolina and is an employee, officer, or agent of the Defendants responsible for maintaining the premises at issue.

8. Upon information and belief, the Defendant John Doe II (hereinafter "Doe II") is a resident of South Carolina and is an employee, officer, or agent of the Defendants responsible for maintaining the premises at issue.

9. The events described herein occurred in Beaufort County, South Carolina.

10. All Defendants herein are collectively referred to as Defendants.

11. The events described herein occurred at Marriott's Monarch at Sea Pines, located at 91 N. Sea Pines Drive, Hilton Head Island, South Carolina, Beaufort County, South Carolina (hereinafter, "Monarch at Sea Pines").

12. Monarch at Sea Pines is a coastal vacation destination marketed to and providing lodging and amenities to guests from the general public, as well as Marriott Vacation Club owners and their guests, who are invited to stay at the property for vacation time, leisure activities, recreational pursuits, and other similar uses.

13. Each and all of the Defendants are sufficiently connected to the subject Marriott's Monarch at Sea Pines property by reason of their ownership, marketing, management, occupancy, leasing, servicing, or other similar activities carried out thereon.

14. At all times herein, Plaintiffs were lawful guests and invitees of the Marriott Defendants.

15. This Court has jurisdiction over the subject matter and the parties, and venue is appropriate before this Honorable Court.

## FOR A FIRST CAUSE OF ACTION
### (Premises Liability/Negligence and Gross Negligence)

16. On August 24, 2019, the Plaintiffs traveled to Hilton Head Island, South Carolina along with four longtime couple friends and checked-in to stay at Marriott's Monarch at Sea Pines as guests.

17. The Shorrs were guests and invitees of Marriott.

18. Marriott was the Shorr's innkeeper.

19. The Shorrs intended to spend their time on Hilton Head playing golf, exercising, socializing, and otherwise enjoying a leisurely vacation.

20. In the morning of August 25, 2019, Mr. Shorr went to Marriott's fitness center as part of his normal routine.

21. Upon entry, Mr. Shorr was the only individual at the gym except for a woman who was cleaning, either employed by or engaged by Marriott.

22. The gym contained what is commonly known as a lat pulldown bar machine.

23. Mr. Shorr regularly used a lat pulldown bar machine as a part of his normal fitness routine as he had done at other gyms for decades.

24. When Mr. Shorr went to the lat bar machine, the lat bar was resting in its normal position overhead.

25. Mr. Shorr sat on the seat, reached up, and pulled down the lat bar as he had done many times before.

26. The lat bar appeared to be attached (and should have been attached), but instead was malfunctioning, had missing equipment, and needed repair.

27. When Mr. Shorr grabbed the metal lat bar and pulled it down, the lat bar fell straight down and violently struck Mr. Shorr's head causing Mr. Shorr to fall to the ground backwards where he was struck in the head again.

28. When the lat bar fell onto Mr. Shorr's head it caused a gash on the top of Mr. Shorr's head which bled profusely.

29. The woman who was cleaning left the fitness center to go get help.

30. A Marriott security officer responded, along with at least one other individual.

31. After Mr. Shorr was injured, the security officer removed the lat bar from the area until the equipment could be repaired.

32. Upon information and belief, along with Marriott, Defendant Island Fitness, Doe I and Doe II held a duty to reasonably maintain and ensure the safety of the gym equipment, including the lat bar machine.

33. Marriott held the duty to reasonably maintain its premises.

34. Marriott held the duty keep its premises in a reasonably safe condition for its resort guests and invitees, including the Shorrs.

ELECTRONICALLY FILED - 2022 Mar 30 9:54 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700548

35. Marriott held the duty to keep its premises free of defects which would cause foreseeable injuries.

36. Marriott held the duty ensure that equipment it furnished for use by its guests was assembled and properly functioning.

37. The Shorrs held the reasonable expectation that facilities at Marriott would be reasonably safe, free of hazards, free of defects, and that equipment furnished by Marriott would be fully assembled and properly functioning.

38. Defendants breached one or all of the aforementioned duties owed to the Plaintiffs.

39. As a direct and proximate result of each breach of duty by the Defendants, Mr. Shorr suffered injuries, including but not limited to personal injury, loss of enjoyment of life, loss of opportunity, mental anguish, distress, and suffered financial harm in an amount to be shown by Plaintiffs at trial.

40. Additionally, the Defendants' actions were wanton and in reckless disregard for the safety of the Plaintiff, and the Plaintiff is entitled to a reasonable award of punitive damages in an amount to be determined by the jury at trial.

### FOR A SECOND CAUSE OF ACTION
### (Loss of Consortium as to Plaintiff Mrs. Andrea Shorr)

41. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated verbatim herein.

ELECTRONICALLY FILED - 2022 Mar 30 9:54 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700548

42. Before suffering the aforementioned injuries, Mr. Shorr was able to and did perform all of the duties of a husband and did perform all these duties, including but not limited to, maintaining the upkeep of the home, running errands, preparing meals, providing love, companionship, affection, income, society, relations, moral support, and solace.

43. As a direct and proximate result of the injuries to Mr. Shorr, he has been unable to perform the duties of a husband; has been unable to perform marital relations and cannot perform daily household activities, unable to maintain his personal care, and is unable to console and support his wife as her companion as he did before the injuries.

44. Because of his injuries, the Plaintiff, Mr. Shorr, has been and will be unable to perform some or all of these duties in the future for his wife, Andrea Shorr.

45. Plaintiff Andrea Shorr is therefore deprived of, and will be permanently deprived of, Mr. Shorr's consortium, losing the value of time spent and enjoying long-earned benefits of planned golden years in retirement with her husband, Brian, all to the Plaintiffs' damage in an amount to be proven at a jury trial of this matter.

**WHEREFORE**, the Plaintiffs pray that the Court inquire into the matters herein and grant judgment against Defendants MARRIOTT VACATION CLUB INTERNATIONAL, MARRIOTT VACATIONS WORLDWIDE, MARRIOTT OWNERSHIP RESORTS, INC., MARRIOTT VACATION CLUB d/b/a MARRIOTT'S MONARCH AT SEA PINES, ISLAND FITNESS EQUIPMENT, LLC, JOHN DOE I, and

ELECTRONICALLY FILED - 2022 Mar 30 9:54 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700548

ELECTRONICALLY FILED - 2022 Mar 30 9:54 AM - BEAUFORT - COMMON PLEAS - CASE#2022CP0700548

JOHN DOE II for actual and consequential damages, a reasonable sum of punitive damages to be determined by the jury at the trial of the case, the costs of prosecution of this action, pre-judgment interest, and for such other and further relief as the Court may deem just and proper.

                                  **SHELTON LAW FIRM, LLC**

                                  */s/Benjamin T. Shelton*
                                  Benjamin T. Shelton, Bar No. 77207
                                  S. Harrison Williams, Bar No. 102410
                                  (P.O. Box 21069)
                                  10 Hospital Center Commons
                                  Hilton Head Island, SC 29926 (29925)
                                  843-802-0087
                                  bshelton@sheltonlawsc.com
                                  harrison@sheltonlawsc.com

Hilton Head Island, South Carolina
March 30, 2022